# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>McKENNA MARIE BUSS,<br><br>Defendant. | Case No. 2:19-cr-0097-DCN<br><br>**REPORT AND RECOMMENDATION** |

On October 16, 2019, Defendant McKENNA MARIE BUSS appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested on March 26, 2019, and had her initial appearance on the Indictment in the District of Idaho on April 9, 2019. The Government did not request detention at that time, and the Court thereafter entered an order on April 9, 2019, setting conditions of release. (Dkt. 22.)

Since her release on April 9, 2019, Defendant has complied with all conditions of pretrial release. She has been residing with the third party custodian in Bellingham, Washington. Defendant remains employed and submits to drug testing as directed, with no issues of non-compliance and no positive test results other than what appear to be two positive results on April 2 and 11, 2019, due to the residual effects of previous use prior to her arrest. Defendant is actively attending substance abuse treatment and participating in mental health counseling. Further, she recently gave birth in August of 2019, and has maintained compliance with the conditions of pretrial release and maintained her employment all while caring for a newborn.

According to the Government, it has no objection to the Court finding exceptional

**REPORT AND RECOMMENDATION - 2**

reasons to continue Defendant's release, noting also that the Government has agreed that Defendant was a minimal participant in the criminal activity under USSG Section 3B1.2(a) and should receive a 2-level reduction in her offense level. Further, the Government is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time. The pretrial status report indicates Defendant is in compliance with all conditions of release, and Pretrial Services has recommended that Defendant's conditions of pretrial supervision remain unchanged.

According to the Defendant's proffer at the hearing, Defendant provides financial and other necessary support to her newborn child.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release, the disruption in the course of treatment of Defendant's substance abuse, and the disruption in the care of Defendant's newborn child, which would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court accept Defendant McKENNA MARIE BUSS's plea of guilty to Count 1 of the Indictment (Dkt. 1);

2)      The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release, (Dkt. 22).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 16, 2019

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 4**